UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CRIMINAL ACTION NO. 4:25-CR-00016-GNS-HBB

UNITED STATES OF AMERICA                                                                               PLAINTIFF

v.

CORY JAMES LUSSIER                                                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Objection (DN 30) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 29) regarding Defendant's Motion to Suppress (DN 18) and the United States' Motion for Leave to Seal (DN 26). The matter is ripe for adjudication.

### I.  BACKGROUND

After receiving a report that Defendant Cory James Lussier ("Lussier") was driving with a suspended license, Providence Police Officer Cameron Shelton ("Officer Shelton") followed Lussier's vehicle and initiated a traffic stop.[1] (R&R 2, DN 29). Officer Shelton asked Lussier, "How's it going?" (R&R 2). Lussier answered that he was "doing all right" and began explaining that he was trying to do work for a drug task force. (R&R 2). Officer Shelton asked who Lussier was working with, but Lussier could not recall. (R&R 2).[2] Officer Shelton also asked if Lussier had any weapons, and Lussier admitted that he did. (R&R 2). Lussier, unprompted, provided

---

[1] Lussier does not object to any of the facts as stated in the Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation ("R&R"). (*See* Def.'s Obj., DN 30).

[2] Officer Shelton later confirmed that Lussier was not working as a confidential informant. (R&R 5).

1

more details about his plans to arrange narcotics purchases, and Officer Shelton asked some follow-up questions. (R&R 2-3).

Around six minutes after Officer Shelton approached Lussier, Webster County Deputy Sherriff Aaron Elder ("Deputy Elder") arrived on scene. (R&R 4). Officer Shelton informed Deputy Elder that there was a loaded handgun in the driver door, then returned to his vehicle to run a check. (R&R 4). Deputy Elder asked Lussier to lift the handgun, but Lussier began explaining why he needed a gun. (R&R 4). Deputy Elder told Lussier that he had a right to protect himself, and when Lussier continued explaining himself, and Deputy Elder advised Lussier as long as he was not a felon, he's allowed to have a gun. (R&R 4-5). Lussier immediately volunteered, "No, no, I mean I am a felon." (R&R 5). Deputy Elder then asked to open Lussier's door, to which Lussier consented. (R&R 5). As Deputy Elder retrieved the handgun, he noticed a small baggie on the floorboard. (R&R 5). Deputy Elder asked Lussier what this was and Lussier responded that it was "weed." (R&R 5). Deputy Elder asked Lussier to exit his vehicle, handcuffed him, then read him his *Miranda* rights. (R&R 5). A search of Lussier's vehicle revealed additional controlled substances and drug paraphernalia. (R&R 5-6).

## II.    DISCUSSION

### A.    Objections to the R&R

District courts review a magistrate judge's report and recommendation of disposition on a defendant's motion to suppress evidence de novo. *See* 28 U.S.C. § 636(b)(1)(A), (B); *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2004). In this instance, the Magistrate Judge

recommended denial of Lussier's Motion to Suppress. (R&R 14). Lussier objects to the R&R on five different grounds.[3] (Def.'s Obj. 1-5, DN 30).

In his first objection, Lussier challenges the Magistrate Judge's finding that Officer Shelton's questions regarding the presence of weapons in Lussier's car were part of the traffic stop's mission. (Def.'s Obj. 1-2). Lussier argues that Officer Shelton "immediately diverted from the traffic stop mission to inquire about weapons before taking any steps to address the suspended license violation." (Def.'s Obj. 2). The Supreme Court has held that the "mission" of a traffic stop is to "address the traffic violation that warranted the stop" and "attend to related safety concerns." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015) (internal citation omitted) (citation omitted). Thus, asking questions about weapons is not a diversion, but part of the mission of the stop. *United States v. Arrington*, No. 20-6363, 2021 U.S. App. LEXIS 36780, at *6 (6th Cir. Dec. 13, 2021) (holding officer's question about weapons "relates to concerns over officer safety and thus to the mission of the stop itself"). Moreover, as the Magistrate Judge found in the R&R, any delay in addressing Lussier's suspended license specifically was largely due to Lussier's unsolicited comments regarding his alleged work with a drug task force. (R&R 11).

Lussier's next objections relate to his *Miranda* rights. In relevant part, the Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness

---

[3] Lussier also states that "[t]he defense continues to assert the arguments set forth in the initial motion to suppress and incorporate those arguments by reference." (Def.'s Obj. 1). "That statement, however, does not constitute a 'specific written objection to the proposed findings and recommendations' as required by Fed. R. Civ. P. 72(b)(2)." *United States v. Chaplin*, No. 1:16-CR-00001-GNS, 2017 WL 1365226, at *3 (W.D. Ky. Apr. 7, 2017) (internal quotation marks omitted) (citing *Edwards v. Niagara Credit Sols., Inc.*, 586 F. Supp. 2d 1346, 1348 (N.D. Ga. 2008)), *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009); *Manigaulte v. C. W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (citation omitted))). Having reviewed the remainder of the R&R for clear error, the Court finds none.

3

against himself . . . ." U.S. Const. amend. V.  To protect that right, "if a person in custody is to be subjected to interrogation, he must first be informed in clear and unequivocal terms that he has the right to remain silent." *Miranda v. Arizona*, 384 U.S. 436, 467-68 (1966).  Before Deputy Elder read Lussier his *Miranda* rights, Lussier admitted that he was a felon.  (R&R 5).  Lussier argues that this admission should be suppressed because it was the product of interrogation and the traffic stop was custodial.

The Magistrate Judge, however, correctly found that *Miranda* does not compel the suppression of Lussier's admission because he was not in custody when he admitted he was a felon.  (R&R 12).  "To determine whether a suspect was in *Miranda* custody we have asked whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Maryland v. Shatzer*, 559 U.S. 98, 112 (2010) (internal quotation marks omitted) (quoting *New York v. Quarles*, 467 U.S. 649, 655 (1984)).  The Supreme Court held that "the temporary and relatively nonthreatening detention involved in a traffic stop . . . does not constitute *Miranda* custody." *Id.* (internal citation omitted) (citations omitted).  Of course, "[i]f a motorist who has been detained pursuant to a traffic stop thereafter is subjected to treatment that renders him 'in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed by *Miranda*." *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984) (citation omitted).  No such treatment, however, occurred here.[4]

Because Lussier was not in custody, his objection regarding interrogation is moot.  Still, Lussier's admission was not the product of interrogation.  Interrogation is "either express questioning or its functional equivalent . . . [like] words or actions on the part of the police (other

---

[4] Although Lussier was handcuffed, this occurred after he was already read his *Miranda* rights. *See United States v. Harris*, 578 F. Supp. 3d 930, 939 (E.D. Mich. 2022) ("Handcuffs are a hallmark of formal arrest . . . ." (citation omitted)).

than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). "If a reasonable person, using all of the facts and circumstances available, would view the police as attempting to obtain a response to use at trial, it is an 'interrogation.'" *Bachynski v. Stewart*, 813 F.3d 241, 246 (6th Cir. 2015) (citation omitted). In this instance, Deputy Elder's statement about felons was not the functional equivalent of an express question because it was not designed to elicit incriminating information but to advise Lussier that he did not need to justify his possession of a handgun. That brief comment did not constitute a "subtle emotional appeal[] or . . . harsh threat or coercion" and did not otherwise compel Lussier to admit he was a felon. *Jones v. Smith*, 244 F. Supp. 2d 801, 811 (E.D. Mich. 2003). Thus, even if Lussier was in custody, his admission was the sort of "volunteered statement" not protected by *Miranda*. *United States v. McConer*, 530 F.3d 484, 495 (6th Cir. 2008).

Lussier's remaining objections are dependent on the Court finding a *Miranda* violation; he argues that his consent to search his car—or, alternatively, the evidence supplying the probable cause required under the automobile exception to search his car without his consent—must be suppressed as fruit of the poisonous tree. (Def.'s Obj. 4-5). Because the Court agrees with the Magistrate Judge's finding that Lussier's *Miranda* rights were not violated, there is no poisonous tree and no grounds for suppression.

    B.  **<u>Plaintiff's Motion for Leave to Seal</u>**

The United States moves for leave to seal Officer Shelton's affidavit (DN 27) and Lussier's driving record (DN 27-1) because the record contains Lussier's personal identifying information. (Pl.'s Mot. Leave Seal, DN 26). This motion will be granted as to Lussier's driving record. Fed. R. Crim. P. 49.1. The motion will, however, be denied as to Officer Shelton's affidavit because it

does not contain any personal identifying information. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.").

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Defendant's Objection (DN 30) is **OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 29) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Defendant's Motion to Suppress (DN 18) is **DENIED**.

2. United States' Motion for Leave to Seal (DN 26) is **GRANTED IN PART** and **DENIED IN PART**. The Clerk shall seal DN 27-1 but DN 27 shall not be sealed in the record.

Greg N. Stivers, Judge
United States District Court
March 10, 2026

cc:     counsel of record